### GEORGE W. JONES *v.* COMMONWEALTH.

**Criminal Law—Drunkenness—Insanity.**

> The mere fact that a person charged with crime had been an excessive drinker for a number of years is not such evidence of insanity requiring the court to instruct the jury on that subject, especially where the evidence showed that at the time of the commission of the crime such defendant was able to discriminate between right and wrong.

**Instruction—Self-Defense.**

> Where there is evidence tending to show that the accused in a criminal case charged with cutting another was acting in self-defense, the court should instruct the jury on the law of self-defense.

### APPEAL FROM PENDLETON CRIMINAL COURT.

April 19, 1877.

OPINION BY JUDGE COFER:

There was no evidence even conducing to prove that the appellant was insane, unless the fact that he had been an habitual drunkard for ten years or more furnished such evidence. Dr. Wilson was the only witness interrogated as to the effect produced upon the appellant's mind by drink, and he gave it as his opinion that at the time he did the cutting he was able to discriminate between right and wrong; and that a man might get drunk, as the evidence showed he had done, without rendering him unable to distinguish between right and wrong or to control his actions.

The mere fact that he had been an excessive drinker furnished no such evidence of insanity as would have warranted an instruction on that subject, and he was not prejudiced by the action of the court in excluding evidence of his having been drunk previous to the day on which the cutting was done. That he was drunk on the day and at the time of the cutting was proved by all the witnesses who testified on that subject, and the jury were allowed to consider that evidence.

But his counsel complains that the court did not tell the jury that they might consider it in determining whether the cutting was done

with malice. The court excluded from the consideration of the jury all evidence as to appellant's intoxication at times prior to the day on which the cutting was done. This must have impressed the jury that evidence of his condition on that day was to be considered by them for some purpose, and when considered in connection with the instructions given, and especially those numbered 2, 3 and 4, gave him all the benefit he was entitled to from that evidence. *Shannahan v. Commonwealth,* 8 Bush 463; *Nichols v. Commonwealth,* 11 Bush 575.

No instruction was given, and none was asked, defining the law of self-defense, but as it was the duty of the court to give the jury the law applicable to all the material facts which the evidence conduced in any degree to prove, we incline to the opinion that the court should have given an instruction on the law of self-defense.

Gulick testified that he saw Turner raise his hand as if to strike with something and Jones was striking at him; that Turner was retreating and Jones pursuing him. Curry swore that he saw Turner and Jones striking at each other; Turner was retreating and Jones pursuing. Turner testified as follows: "Found Jones in Falmouth— he was drunk and kept following after me and asking me for a settlement; I told him to go away and get sober and I would talk to him. He kept after me. I finally got a rock and he run at me with a knife, and I tried to throw the rock, but my cloak caught it and it fell at my feet. He kept cutting at me and I retreated; he ran upon me and cut me in the side slightly so that the blood run. He cut my cloak in several places."

There was some evidence conducing to show that Jones had made threats that he would cut Turner, and he may have brought on the rencounter or so deported himself as not to have been in a condition to invoke the law of self-defense, and he may not have had reason to believe he was in such peril as warranted him in cutting Turner, but there was enough evidence to entitle him to have that question passed on by the jury.

For the error in failing to instruct on that point, and for that alone, the judgment is *reversed,* and cause is remanded for a new trial.

*J. H. Fryer, J. W. Perrin and W. W. Ireland, for appellant.*
*Moss, for appellee.*